UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
|  | ) |  |
| TOWN OF WESTBOROUGH, | ) |  |
|  | ) |  |
| Plaintiff, | ) | Adversary Proceeding |
| v. | ) | Case No. 24-04006-CJP |
|  | ) |  |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**CREDITOR LOLONYON AKOUETE'S SUPPLEMENT TO OPPOSITION TO
THE TOWN OF WESTBOROUGH'S MOTION FOR ABSTENTION AND IN
SUPPORT OF RETAINING JURISDICTION OVER THE REMOVED
FORECLOSURE ACTION**

TO THE HONORABLE CHRISTOPHER J. PANOS, UNITED STATES BANKRUPTCY
JUDGE:

## I. INTRODUCTION

Creditor Lolonyon Akouete, a pro se creditor and interested party, submits this supplement in
further opposition to the Town of Westborough's motion for abstention and in support of retaining
jurisdiction over the removed foreclosure action involving the property at 231 Turnpike Road. This
supplement addresses:

1. The **police power argument** raised by the Town in its motion.
2. The factors governing **permissive abstention** under 28 U.S.C. § 1334(c)(1).
3. Why **mandatory abstention is inapplicable because the foreclosure action is a core
   proceeding**.
4. The necessity of this Court's jurisdiction to resolve overlapping bankruptcy-specific claims
   and issues critical to the administration of the estate.

The foreclosure action is a core proceeding under 28 U.S.C. § 157(b)(2), and retaining jurisdiction
is essential for ensuring the equitable administration of the bankruptcy estate, addressing
constitutional violations in the foreclosure process, and avoiding duplicative or conflicting rulings.

## II. THE POLICE POWER ARGUMENT IS MISPLACED

The Town argues that the foreclosure action implicates its "police power," which would purportedly justify abstention under 11 U.S.C. § 362(b)(4). This argument is misplaced for the following reasons:

**1. Tax Foreclosure Does Not Constitute Police Power**

The police power exception under § 362(b)(4) is narrowly construed to apply to actions that promote public health, safety, and welfare. Tax collection or enforcement through foreclosure, while a legitimate government interest, is fundamentally a revenue-raising function and not an exercise of police power. Courts consistently distinguish between actions that enforce regulatory laws and those that solely collect revenue. (*In re Yellow Cab Coop., Inc.*, 132 F.3d 591, 597 (9th Cir. 1997); *In re Nortel Networks, Inc.*, 669 F.3d 128, 139 (3d Cir. 2011)).

**2. Foreclosure Action Implicates Private Rights, Not Public Welfare**

The Town's foreclosure action is not intended to address public health or safety concerns but instead serves to enforce a private lien against specific property. This undermines any claim that the action arises under the police power exception.

**3. Due Process Concerns Preclude Application of Police Power**

The Town's foreclosure process is subject to constitutional scrutiny, particularly under *Tyler v. Hennepin County*, where the Supreme Court found that seizing property for unpaid taxes without fair compensation violates the Takings Clause. The constitutional implications here render the Town's invocation of police power inapplicable.

## III. MANDATORY ABSTENTION IS INAPPLICABLE BECAUSE THE FORECLOSURE ACTION IS A CORE PROCEEDING

Mandatory abstention under 28 U.S.C. § 1334(c)(2) applies only to non-core proceedings. The foreclosure action is a core proceeding under 28 U.S.C. § 157(b)(2) because it involves:

- "Matters concerning the administration of the estate";
- "Orders to turn over property of the estate"; and
- "Other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship."

**1. Core Nature of the Foreclosure Action**

The foreclosure action directly impacts the administration of the estate because it involves:

- The largest asset of the estate, valued at $5 million.
- Issues of equitable interest, due process, and potential fraudulent transfers.

Resolving the foreclosure action in bankruptcy court ensures that the proceeds from any sale are distributed equitably among creditors and avoids inconsistent rulings on overlapping bankruptcy issues.

**2. Precedent Supporting Core Jurisdiction**

Courts consistently hold that disputes involving estate property are core proceedings. For example:

- *In re Enron Corp.*, 349 B.R. 108 (Bankr. S.D.N.Y. 2006), recognized that disputes over estate property are integral to bankruptcy administration.
- *In re Welded Constr., L.P.*, 609 B.R. 101 (Bankr. D. Del. 2019), affirmed that foreclosure-related claims involving estate property are core.

**3. Constitutional Considerations Under Stern v. Marshall**

Under *Stern v. Marshall*, 564 U.S. 462 (2011), a matter is constitutionally core if it directly impacts the claims allowance process. The foreclosure action affects the administration of creditor claims and recoveries, satisfying this requirement.

## IV. PERMISSIVE ABSTENTION IS NOT WARRANTED

Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a matter in the interest of justice or comity. Courts consider 12 factors in evaluating permissive abstention:

1. **Effect on the Efficient Administration of the Estate**: Retaining jurisdiction ensures efficient resolution of estate matters. Abstention would create delays, risk duplicative litigation, and impede creditor recoveries.
2. **Extent to Which State Law Issues Predominate**: While the foreclosure involves state law, bankruptcy-specific issues—such as fraudulent transfers, equitable subordination, and distribution of proceeds—are central to the case.
3. **Difficulty or Unsettled Nature of Applicable State Law**: Massachusetts foreclosure law is neither complex nor unsettled. The bankruptcy court can competently adjudicate these claims alongside bankruptcy-specific issues.
4. **Presence of a Related Proceeding in State Court**: The foreclosure action is related to, but distinct from, the state court proceedings. Allowing the state court to proceed risks inconsistent rulings that would complicate the administration of the estate.
5. **Jurisdictional Basis Other Than 28 U.S.C. § 1334**: There is no other jurisdictional basis for this matter, but the bankruptcy court's core jurisdiction supports retaining the case.
6. **Degree of Relatedness to the Bankruptcy Case**: The foreclosure action directly impacts the administration of the estate, creditor recoveries, and the resolution of overlapping bankruptcy claims.
7. **Substance Rather Than Form of Core Proceeding**: The case involves core bankruptcy matters, including property of the estate, creditor claims, and potential fraudulent transfers.
8. **Feasibility of Severing State Law Claims**: The foreclosure claims cannot be feasibly severed from the bankruptcy issues without creating inefficiencies and conflicting rulings.
9. **Burden on the Court's Docket**: Retaining jurisdiction does not unduly burden the bankruptcy court, which is best equipped to handle the intertwined claims.
10. **Likelihood of Forum Shopping**: The Town's preference for state court reflects a strategic attempt to avoid federal bankruptcy scrutiny. Retaining jurisdiction promotes fairness.
11. **Existence of a Right to Jury Trial**: There is no jury trial right in this case, as it involves equitable and bankruptcy-specific claims.
12. **Presence of Nondebtor Parties**: The foreclosure action involves the Town and the debtor's estate. The presence of nondebtor parties does not justify abstention.

## V. FACTUAL BACKGROUND SUPPORTING EFFICIENT RESOLUTION IN BANKRUPTCY COURT

1. **Nature of the Foreclosure Action**: The Town foreclosed on the property for unpaid taxes but now seeks to sell it for significantly less than its appraised value, raising concerns about fraudulent transfers and creditor prejudice.
2. **Constitutional Violations**: The foreclosure process violates due process and takings principles under *Tyler v. Hennepin County*.
3. **Impact on Estate Administration**: The foreclosure action directly affects the estate's largest asset and creditor distributions, necessitating bankruptcy court oversight.

# VI. CONCLUSION

The Town's invocation of police power is unfounded, mandatory abstention is inapplicable because the foreclosure action is a core proceeding, and permissive abstention is not warranted under the 12-factor analysis. Retaining jurisdiction in this Court is essential to ensure efficient administration, address constitutional violations, and avoid duplicative or inconsistent rulings.

DATED: January 28, 2025, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



_____
Lolonyon Y Akouete